UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Vincent Schonarth[1]

   v.                                                   Civil No. 08-cv-448-PB

Judge Tina Nadeau, et al.

**REPORT AND RECOMMENDATION**

     Before the Court is Vincent Schonarth's complaint (document nos. 1, 4 & 8-10).[2]  The matter comes before me for preliminary review to determine, among other things, whether or not Schonarth has properly invoked the subject matter jurisdiction of this Court.  See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2)(A).  As explained herein, I find that this Court does not have subject matter jurisdiction

---

     [1]The plaintiff's name has inadvertently been incorrectly spelled in the docket, to omit the "r" in plaintiff's last name.  The Clerk's Office is directed to correct the docket to reflect the correct spelling of the plaintiff's name.

     [2]Schonarth filed a "Complaint/Notice of Appeal" on October 28, 2008 (document no. 1), followed by an "Addendum/Summary of Case" on November 5, 2008 (document no. 4), a "Second Addendum" on December 2, 2008 (document no. 8), a further addendum on December 24, 2008 (document no. 9), and an "Addendum/Statement of Claim and Damages" on January 16, 2009 (document no. 10).  I will consider all five of these documents, in the aggregate, to constitute the complaint in this matter for all purposes.

over this matter and I recommend dismissal of this action on that basis.  See LR 4.3(d)(2)(A)(ii).

## Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true.

See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

In 2003, Vincent Schonarth was convicted of seventeen counts of theft, and sentenced to 7 ½ – 15 years in prison, a sentence he is currently serving. The New Hampshire Supreme Court affirmed the conviction. See State v. Schonarth, 152 N.H. 560, 883 A.2d 305, reh'g denied (2005).

Schonarth claims here that certain decisions of the trial court and the New Hampshire Supreme Court, that were adverse to him, violated his constitutional rights to due process and to represent himself before the courts. Schonarth is here seeking "an appeal that would write (sic) all the wrongs done in the State Courts."

## Discussion

Schonarth's challenge to the state court proceedings at issue in this case raises a question of subject matter jurisdiction that this Court is obligated to consider and resolve sua sponte. See Hicks, Muse & Co. v. Brandt (In re Healthco Int'l, Inc.), 136 F.3d 45, 50 n.4 (1st Cir. 1998) (court may consider whether it possesses subject matter jurisdiction over a

case sua sponte).  For the reasons articulated herein, this Court is precluded from exercising jurisdiction over this action under the Rooker-Feldman doctrine.  See D.C. Ct. App. v. Feldman, 460 U.S. 462, 476 (1983) and Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923).

The Rooker-Feldman doctrine precludes a federal district court from reviewing a final judgment of a state court.  See Lance v. Dennis, 546 U.S. 459, 463 (2006) (under Rooker-Feldman doctrine, federal district courts are precluded from exercising appellate jurisdiction over final state-court judgments); Rooker, 263 U.S. at 416.  The Rooker-Feldman doctrine applies only in limited circumstances, to cases where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Galibois v. Fisher, 174 Fed. Appx. 579, 580 (1st Cir. 2006) (citing Lance, 546 U.S. at 464-65 and Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 291 (2005)).  Rooker-Feldman forecloses federal court jurisdiction over claims that are inextricably intertwined with the claims adjudicated in a state court proceeding.  See Sheehan v. Marr, 207 F.3d 35, 39-40 & n.4

(1st Cir. 2000); Wang v. N.H. Bd. of Registration in Med., 55 F.3d 698, 703 (1st Cir. 1995).  "A federal claim is inextricably intertwined with the state court claims 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'"  Sheehan, 207 F.3d at 40 (quoting Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999)).

   Once a state court issues a final judgment, a federal district court lacks jurisdiction to review the decision even if the state court judgment is patently wrong or was entered following patently unconstitutional proceedings.  See Feldman, 460 U.S. at 486.  Thus, a litigant may not seek to reverse a final state court judgment simply by recasting his complaint in the form of a civil rights action.  See Fortune v. Mulherrin, 533 F.2d 21, 22 (1st Cir. 1976); see also Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993).

   The proper recourse for a litigant in the state courts who is unhappy with the decisions of those courts is to pursue his appeal through the state appellate process, and then to the United States Supreme Court.  In other words, a party is barred from seeking appellate review of a state court decision in the federal district court.  See Lance, 546 U.S. at 464; Johnson v.

De Grandy, 512 U.S. 997, 1005-06 (1994); see also Wang, 55 F.3d at 703.

In this action, Schonarth expressly seeks reversal of certain decisions of the New Hampshire state trial and appellate courts. Schonarth has either raised these issues in the state court proceedings, or plaintiffs' claims here are inextricably intertwined with the state court proceedings. Schonarth's successful prosecution of his claims here would require this court to invalidate or reverse state court rulings, which is precisely the course of action precluded by Rooker-Feldman.[3] Accordingly, I recommend that this complaint be dismissed as it fails to invoke the subject matter jurisdiction of this Court. See LR 4.3(d)(2)(A)(ii).

## Conclusion

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of

---

[3] It should be noted that Schonarth has previously had a challenge to this conviction dismissed based on Rooker-Feldman grounds. See Schonarth v. Fox, 07-287-JL (D.N.H. Mar. 10, 2008).

Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date: February 17, 2009

cc: Vincent Schonarth, pro se